**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

BOBBY TATUM,

      **Plaintiff,**

v.

DARREN GALLOWAY, JOHN DOES,
JANE DOES, LT. THOMAS, JOHN
DOE OFFICERS, JANE DOE NURSE,
GREGORY D. LITTLE, and
JACOB FLETCHER,

      **Defendants.**

26-721-SMY

Case No. 25-cv-2019-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Bobby Tatum, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at both Shawnee Correctional Center and Pinckneyville. Tatum's original Complaint alleged that Warden Darren Galloway retaliated against Tatum by transferring him to Pinckneyville (Doc. 14, pp. 1-2). That pleading was dismissed for failure to state a claim, but Tatum was granted leave to file an amended pleading.

In his Amended Complaint (Doc. 15), Tatum alleges that Galloway and other officers retaliated against him by transferring him to Pinckneyville. He also alleges that several officers at Pinckneyville used excessive force against him and issued a false

1

disciplinary ticket. He alleges violations of his rights pursuant to the First, Eighth, and Fourteenth Amendments.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

Tatum alleges that in August 2023 he was raped by various officers at Shawnee Correctional Center on the orders of Warden Darren Galloway (Doc. 15, p. 6). In January 2025, Tatum began suffering from mental health issues related to the assault, and on February 6, 2025, he met with a mental health doctor regarding the rape (*Id.*). At the telehealth appointment, he made a Prison Rape Elimination Act ("PREA") complaint, and the doctor reported the rape to IDOC officials in Springfield (*Id.*). Tatum notes that he previously filed grievances about the rape and cites to several grievance numbers, although those grievances are not attached to the pleading (*Id.* at p. 7). He also notes that he filed lawsuits regarding the rape (*Id.*).

Tatum alleges that these led to Darren Galloway and numerous John and Jane Does in the transfer department transferring him to Pinckneyville (*Id.* at p. 6). Although he notes his earlier grievances and lawsuits were also a basis for his transfer, he alleges that he was not retaliated against for filing his earlier grievances but only transferred

when he reported his rape to the mental health provider at his telehealth appointment (*Id.* at p. 7). Tatum believes that the transfer was retaliatory because Pinckneyville is considered a disciplinary prison for inmates who violate rules, and he did not receive a disciplinary ticket (*Id.* at pp. 6-7). Tatum notes that officers at Shawnee confiscated his property, and upon arriving at Pinckneyville, he was placed in segregation (*Id.*).

Tatum requests a transfer to a prison where he can receive mental health treatment, and he seeks a temporary restraining order against these officials because they called him a snitch for reporting the rape on February 6, 2025 (Doc. 15, p. 7). It is not entirely clear whether Tatum is alleging that Galloway called him a snitch or other officers called him names. His allegations regarding officials labeling him a snitch is simply too vague.

On March 12, 2025, while at Pinckneyville, Lieutenant Thomas called officers in Tatum's unit and instructed Tatum to get his clothing and ID card and report to Thomas's office (Doc. 15, p. 8). Tatum believed that he was going to be transferred and was escorted to the office to meet with Thomas, who is an internal affairs officer (*Id.*). Once in the office, Thomas informed Tatum that he wanted to speak to him about his PREA complaint and transfer (*Id.*). He warned Tatum that neither Thomas nor Pinckneyville's warden would tolerate Tatum filing grievances, lawsuits, or PREA complaints against staff at Pinckneyville (*Id.*). Tatum alleges that Thomas directed him to sign a paper dropping the PREA complaint (*Id.* at pp. 8-9). Instead of signing, Tatum asked for an STD test to determine if he had contracted any infections as a result of the 2023 assault (*Id.* at p. 8). Thomas yelled at Tatum to sign the paperwork (*Id.*).

When Tatum failed to sign the paperwork, Thomas ordered Tatum to the floor and directed him to cuff up (Doc. 15, p. 8). After being cuffed, Lieutenant Thomas and an unknown number of John Doe officers used excessive force on him (*Id.*). Tatum alleges that Thomas threw him face first into the office door and slammed him to the ground. The officers picked him up and again slammed him to the ground (*Id.*). They pulled his arms apart and bent them the wrong way (*Id.* at pp. 8-9). Tatum yelled for help, but Thomas merely laughed (*Id.*).

Thomas again directed Tatum to sign the document withdrawing his PREA complaint and threatened Tatum with segregation and a disciplinary ticket if he failed to comply (Doc. 15, p. 9). A truck driver and his partner approached the back gate, and Thomas directed the John Doe officers to stop their assault (*Id.*). Tatum alleges that he was severely injured and could not walk (*Id.*). He was placed in a wheelchair, but his hands were improperly restrained to the wheels of the chair, causing significant friction burns and abrasions to his arms (*Id.*). The officers merely laughed when he begged for help and changed their speed, causing additional burns. They pushed him faster when smelling the burning skin (*Id.*). Upon entering the segregation unit, Tatum alleges the officers tried to break his neck and then threw him into the showers in front of other inmates (*Id.*). When the inmates yelled at the officers, the officers allegedly responded that this is what happens to inmates who file grievances and complaints against officers (*Id.*).

At some point, an unknown nurse refused to help Tatum obtain medical care (Doc. 15, p. 9). He begged for treatment on a number of occasions, but she refused, noting

4

that Tatum filed grievances and complaints on staff and she would not provide him with care or medication (*Id.*).

Lieutenant Thomas issued a disciplinary report for intimidation or threats, disobeying a direct order essential to safety, and insolence (<u>Doc. 15, p. 10</u>). Tatum alleges the disciplinary ticket was false (*Id.*). Committee members Gregory Little and Jacob Fletcher found him guilty of the charges (*Id.*). Tatum alleges the ticket and finding of guilt was to cover-up Thomas's unconstitutional conduct (*Id.*). The committee members failed to look at the video of the incidents which Tatum alleges would have shown that Thomas was lying and that correctional officers violated his rights. Tatum alleges that Little and Fletcher also retaliated against him by finding him guilty of the charges. Tatum received 2 months C grade, 21 days in segregation, 3 months commissary restrictions, and 2 months audio-visual restrictions (*Id.*).

### Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

> **Count 1:** **First Amendment retaliation claim against Darren Galloway and John/Jane Doe Transfer Officers for transferring Tatum to Pinckneyville Correctional Center in retaliation for Tatum's PREA complaint.**
>
> **Count 2:** **Eighth Amendment excessive force claim against Lieutenant Thomas and John Doe Correctional Officers for their use of force against Tatum on March 12, 2025.**
>
> **Count 3:** **Eighth Amendment deliberate indifference to medical needs claim against unknown John/Jane Doe Nurse for the failure to provide Tatum with medical treatment after the use of force.**

**Count 4:**      First Amendment retaliation claim against Lieutenant Thomas for writing a false disciplinary ticket against Tatum for the March 12 incident.

**Count 5:**      Fourteenth Amendment due process claim against Gregory Little and Jacob Fletcher for finding Tatum guilty on the allegedly false disciplinary ticket.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard.**[1]

**Severance of Counts 2-5**

Tatum alleges violations of his constitutional rights while at two different facilities, Shawnee Correctional Center and Pinckneyville Correctional Center. As a result, the Court must determine whether the claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

6

507 F.3d at 607. Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The allegations in Counts 2-5 involve different defendants and occurred at different prisons. Although Tatum alleges that Lieutenant Thomas acted in retaliation for Tatum's refusal to sign a document retracting his PREA complaint, these are separate and distinct allegations from his transfer to Pinckneyville in retaliation for filing the PREA complaint. Further, the allegations in Counts 2-5 do not involve Warden Galloway or anyone else at Shawnee. They are separate and distinct from the allegations in Count 1. As such, these allegations are unrelated to the claim in Count 1 and are subject to severance.

**Count 1**

As to the claim in Count 1, the Court first notes that Tatum has changed his allegations substantially from the filing of his original Complaint. In his earlier pleading, Tatum alleged that he was transferred in retaliation for numerous lawsuits and grievances, specifically focusing on his appeal in *Tatum v. Craige,* Case No. 24-cv-1183-RJD. Tatum alleged that the counsel on appeal admitted that Tatum was transferred because of the pending appeal (Doc. 1, p. 6). That pleading being unsuccessful in stating a viable claim, Tatum appears to have changed the reason for his transfer in his amended pleading. Tatum now alleges that he was transferred in retaliation for filing a PREA complaint with his mental health provider on February 6, 2025 (Doc. 15, p. 6).

Tatum's new factual allegations, like his original, fail to state a viable claim. In order to state a retaliation claim, a plaintiff must allege that he engaged in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). "The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Tatum alleges that he reported the 2023 rape to his mental health provider on February 6, 2025, and the provider reported to claim to IDOC officials in Springfield (Doc. 15, p. 6). Six days later, on February 12, 2025, Tatum was transferred to Pinckneyville Correctional Center. Tatum alleges that the transfer was a deprivation likely to deter his protected activity because Pinckneyville is considered a punishment/disciplinary prison (*Id.* at pp. 6-7). Tatum alleges that Galloway and unknown staff in charge of transfers sought to transfer him in retaliation for his PREA complaint.

But in order to state a retaliation claim, an inmate must allege that the protected conduct was at least a motivating factor for the detriment—in this case, the transfer to Pinckneyville. Tatum fails to offer any allegations establishing that defendants were motivated by his PREA complaint. He merely alleges in conclusory fashion that his transfer was retaliatory and notes that he was transferred six days after filing his PREA

8

complaint. But suspicious timing "alone will rarely be sufficient" to establish retaliation. *Manuel*, 966 F.3d at 681. There are simply no allegations suggesting that Galloway was involved in the decision to transfer Tatum to Pinckneyville or that he even knew about the PREA complaint prior to the transfer. In fact, Tatum alleges that the mental health provider submitted the complaint outside of the department and to Springfield officials; there are no allegations that the complaint was provided to any staff at Shawnee. There are no allegations alleging that his PREA complaint was the motivating factor for his transfer.

In addition to Galloway, Tatum alleges that John and Jane Doe transfer officers at Shawnee participated in the alleged retaliatory transfer. Tatum does not identify a specific John or Jane Doe. He fails to even state the number of officials he intends to sue regarding his transfer. He merely refers to John Doe(s) and Jane Doe(s). His claims against these unknown officials are too generic to state a claim against any particular individual. And, as previously stated, there are no allegations suggesting that any of these officials were aware of his complaint or transferred him in response to the complaint. Thus, his retaliation claim in Count 1 is **DISMISSED**. This is Tatum's second attempt to state a viable retaliation claim and he has been unable to do so. The Court finds that further amendment would be futile.

## **Disposition**

For the reasons stated above, Counts 2-5 are **SEVERED** into a new case. In the new case, the Clerk is **DIRECTED** to file the following documents:

9

- This Memorandum and Order;

- The Amended Complaint (Doc 15); and

- Tatum's motion for leave to proceed *in forma pauperis* (Doc. 2).

As to the remaining claim in Count 1 against Warden Darren Galloway and the John/Jane Doe Transfer Officers, the claim is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Tatum's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Tatum is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Tatum wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Tatum does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Tatum may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

10

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 21, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**