**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BOBBY TATUM, #K69478,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00721-SMY** |
| | ) | |
| **JOHN DOE 1 (Officer, Pinckneyville), LT. THOMAS (Internal Affairs PCC), JANE DOE 1 (Nurse), GREGORY LITTLE, and JACOB FLETCHER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

This matter is before the Court on Plaintiff Bobby Tatum's Emergency Motion for Temporary Restraining Order/Preliminary Injunctions (Doc. 11) and an additional motion seeking similar relief (Doc. 23). Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Pinckneyville Correctional Center. In this case, he asserts claims for excessive force, deliberate indifference to his medical needs, retaliation, and due process violations related to an allegedly false disciplinary ticket, all stemming from incidents occurring on March 12, 2025.

In the first motion, Plaintiff asserts his cell was searched on July 21, 2026 by Lt. Ranson, Spencer, C/O Smith, and John Doe Officers, on orders of Warden Barwick (Doc. 11). Nothing was found. Soon after, Ranson, Spencer, and others took Plaintiff away. At the Internal Affairs (I.A.) Office, Lt. Thomas, C/O Roodman, and an unknown officer told Plaintiff that if he didn't "sign to drop" the grievances involved in the "Galloway SMY cases, Barwick cases, Christopher et al. cases" and protective custody grievances, Plaintiff would be criminally charged with

knife/drug infractions (Doc. 11, pp. 2-3). Plaintiff refused to drop his complaints. He was then taken to a cell contaminated with feces and urine, which lacked ventilation and power for a fan. Plaintiff seeks an order transferring him to a different prison before he dies at the hands of Pinckneyville officials.

Plaintiff's second TRO motion repeats the assertion that Lt. Thomas placed him in the unsanitary cell, which reaches 100 degrees and lacks a panic button (Doc. 23). He states an emergency grievance over the conditions was denied on August 11, 2026, and was given a year in segregation by Lt. Little, Lt. Thomas, Warden Barwick, Lt. Ramson, and C/O Spencer because he didn't agree to drop his grievances. *Id.*

Injunctive relief is appropriate only if it addresses a matter presented in the underlying lawsuit and seeks relief of the same character sought in the underlying action. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this action, Plaintiff accuses Defendant Lt. Thomas of using excessive force on him on March 12, 2025 and then issuing him a false disciplinary ticket in retaliation. Both pending motions also accuse Lt. Thomas of misconduct, but in a separate incident that occurred over a year later, in July 2026. The alleged misconduct also involved several individuals who are not parties in this case. Thus, Plaintiff's motions raise issues that are clearly outside the scope of the claims presented in the underlying Complaint. The TRO/Preliminary Injunction motion (Doc. 11), and the portion of Doc. 23 seeking a TRO/Preliminary Injunction are therefore **DENIED**.

The motion at Doc. 23 further seeks an order requiring the IDOC or Pinckneyville Correctional Center to provide Plaintiff's Trust Fund balance to support his motion to proceed in forma pauperis ("IFP") (Doc. 23, p. 1). This portion of the motion (Doc. 23) is also **DENIED**, as Plaintiff's IFP motion was granted (Doc. 26).

Finally, Plaintiff's Motion for Leave to Proceed IFP on appeal (Doc. 22) is **TERMINATED AS MOOT**. Plaintiff's appeal was dismissed and the case was remanded to allow Plaintiff to proceed on his claims in this Court (Docs. 19, 20).

The Court will review the merits of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A in a separate Order.

**IT IS SO ORDERED.**

**DATED: September 3, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**